IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

MICHAEL K. McCUSKER, )
)
          Plaintiff, )   No. 10cv62 EJM
)
vs. )   ORDER
)
MICHAEL J. ASTRUE, )
COMMISSIONER OF SOCIAL )
SECURITY, )
)
          Defendant. )

Plaintiff brings this action seeking judicial review of the Commissioner's denial of his application for social security disability and supplemental security income benefits. The briefing schedule concluded on January 20, 2011. The court has jurisdiction pursuant to 42 USC §405(g). Affirmed.

Claiming an onset date of March 4, 2004, plaintiff alleges disability due to multiple impairments. He asserts the Administrative Law Judge (ALJ) erred in failing to fully and fairly develop the record, and failed to properly evaluate his extreme obesity. Accordingly, he asserts that the Commissioner's decision is not supported by substantial evidence on the record as a whole.

> [R]eview of the agency decision is limited to whether there is substantial evidence on the record as a whole to support the [Commissioner's] decision. This requires [the court] to do more than merely parse the record for substantial evidence supporting the [Commissioner's] decision. [The court] also must consider evidence in the record that detracts from the weight of the decision. Substantial evidence is less than a preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion.

Robinson v. Sullivan, 956 F2d 836, 838 (8th Cir. 1992) (internal citations omitted).

The ALJ found plaintiff's severe combination of impairments included bilateral hearing loss, obesity, degenerative joint disease status post patella reconstruction of the bilateral knees, major depressive disorder, probable PTSD, intermittent explosive disorder, ADHD by history and polysubstance abuse in early remission, but further found plaintiff retained the ability to perform substantial gainful activity. Plaintiff urges that in light of his previous knee surgery and his consideration of additional surgery, the ALJ erred in not getting additional treatment records and an updated opinion regarding his limitations as to sitting, standing, and walking. Plaintiff further asserts that the ALJ erred in failing to obtain updated information as to his hearing impairment, a comprehensive evaluation regarding his mental impairments, and in failing to discuss the effect of his extreme obesity upon his ability to work.

Upon review of the record, as urged by defendant, the ALJ discounted the credibility of plaintiff's allegations, T. 27, and that finding is uncontested. The ALJ permissibly observed that plaintiff's activities include fishing, watching television, reading, video games, working on cars, car stereos and electronics, childcare, petcare, household and outside chores, driving, shopping, cutting steel, and welding. It appears the ALJ properly considered substantial evidence from plaintiff's treating as well as non-examining physicians, properly noted that treating surgeon Dr. Wolfe released plaintiff to full activities, T. 23, and permissibly

observed that plaintiff has not required additional medical treatment or pain management related to surgical interventions. T. 27. Additionally, as to mental issues, it appears the ALJ appropriately noted that plaintiff has been medically managed and successful without interference of psychologically-based problems, T. 27, consistent with assessments of his past work ratings. There existed substantial evidence upon which to consider mental impairments as set forth in the ALJ's decision, T. 23-26, and the ALJ did not err in failing to further develop the record as to plaintiff's mental impairments. As to limitations associated with plaintiff's hearing, it appears the ALJ properly considered plaintiff's hearing, including assistance from hearing aids, T. 23, and it was not error to rely upon the substantial evidence in the record, rather than ordering additional consultative examination as to limitations related to hearing.

As to obesity, while significant limitations can arise therefrom, it appears plaintiff did not urge obesity as a basis for work related limitations by hearing testimony, nor are related limitations indicated in medical records or otherwise, and there exists a dearth of evidence that plaintiff sought medical care for problems related thereto - the court notes it appears undisputed that Dr. Wolfe, plaintiff's orthopedic surgeon, made no observation that plaintiff's weight contributed to knee problems. The court is satisfied that the ALJ properly considered plaintiff's obesity.

Upon the foregoing, and without minimizing the seriousness of plaintiff's impairments, the court finds the ALJ's decision is supported by substantial evidence on the record as a whole.

It is therefore

ORDERED

Affirmed.

June 13, 2011.

_____
Edward J. McManus, Judge
UNITED STATES DISTRICT COURT